UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JACQULINE EVANS, AS MOTHER AND
NEXT FRIEND OF KIEWAIN EVANS, AND
KIEWAIN EVANS, INDIVIDUALLY                                          PLAINTIFFS

VS.                                           CIVIL ACTION NO. 2:04-CV-311-M-B

COOPER TIRE & RUBBER COMPANY,
J & J, INC. OF CLEVELAND, AND
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, BRIDGESTONE/
FIRESTONE AMERICAS HOLDING, INC.
AND DEFENDANT XYZ                                                    DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiffs, pursuant to 28 U.S.C. § 1447, to amend their complaint to add Tommy Robinson as a defendant and, thereupon, to remand **[15-1]** this case to the Circuit Court of Bolivar County. Defendants have responded in opposition to the motion and, the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This action involves products liability claims asserted by plaintiffs Jacqueline and Kiewain Evans arising out of a June 2004 automobile accident in which plaintiffs' 1993 Chevrolet Caprice allegedly experienced tire failure and thereupon left the road, striking a tree. On August 30, 2004, plaintiffs filed suit in the Circuit Court of Bolivar County, and the case was removed to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs have moved to remand, arguing that diversity jurisdiction is lacking in this case inasmuch as the retailer defendant J&J, Inc. of Cleveland, ("J&J") is, like plaintiffs, a Mississippi resident. Plaintiffs also argue that they should be permitted to amend their complaint to assert claims

against Tommy Robinson, service manager of the BFS Retail outlet in Cleveland which, plaintiffs allege, negligently placed new tires on the front, rather than on the rear of their vehicle. Defendants counter that J&J was fraudulently/improperly[1] joined for the purposes of defeating removal jurisdiction and that the residence of this defendant should therefore be disregarded for jurisdictional purposes. As to Robinson, defendants argue that this court should deny plaintiffs' motion to amend their complaint to add this non-diverse defendant.

The court will first consider whether plaintiffs should be precluded from amending their complaint to add Robinson as a defendant. While most post-removal developments will not divest the court of jurisdiction, an addition of a non-diverse defendant will do so. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In considering whether to allow an amendment to add a non-diverse party whose inclusion would destroy diversity and thereby divest the court of jurisdiction, the Fifth Circuit in *Hensgens* set forth the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction,
> (2) whether plaintiff has been dilatory in asking for amendment,
> (3) whether plaintiff will be significantly injured if amendment is not allowed, and
> (4) any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

In the court's view, granting plaintiffs' motion to amend and/or to substitute Robinson as a defendant is appropriate in this case, based upon the *Hensgens* factors. The court would initially note that plaintiffs were not particularly dilatory in seeking to amend their complaint. That is, plaintiffs filed their motion to amend on November 29, 2004, which was less than three

---

[1] In *Smallwood v. Illinois Central Railroad Co.*, No. 02-60782 (5th Cir. Sept. 10, 2004) ("*Smallwood III*"), the Fifth Circuit, sitting en banc, suggested that the term "improper joinder" is a preferable term to the phrase "fraudulent joinder," and this court will follow the Fifth Circuit's suggestion in this regard.

months after suit was originally filed and less than six months after the accident in this case.[2]

Moreover, plaintiffs filed this action on August 30, 2004, which was two days prior to the September 1, 2004 effective date of the 2004 Tort Reform legislation passed by the Mississippi Legislature. In this court's experience, plaintiffs in this state very commonly filed rather "bare bones" complaints immediately prior to the effective date of the Tort Reform enactments, only to subsequently seek to amend their complaints to make more specific allegations and/or to add parties as defendants. It seems clear that plaintiffs would prefer to litigate this case in state court, but that does not alter the fact that the procedural history of this case is very similar to many other cases filed in this state in which federal jurisdiction was not at issue. As such, the procedural history of this case does not raise any particular "red flags" which might cause this court to conclude that the purpose of the amendments sought by plaintiffs is to defeat federal jurisdiction.

In the court's view, the question of whether plaintiffs seek to amend their complaint to defeat federal jurisdiction is inter-related with the issue of whether plaintiffs' claims against Robinson have potential merit. If plaintiffs' claims against Robinson appeared to be of a highly doubtful nature, this would tend to support a conclusion that their proposed amendment was motivated by a desire to defeat federal jurisdiction. Moreover, an absence of potential merit to plaintiffs' claims against Robinson would support a finding that the third *Hensgens* factor was not met. That is, plaintiffs would clearly not be prejudiced if they were denied the right to amend

---

[2]Defendants argue that Magistrate Judge Bogen denied the requested amendment and that a deferential standard of review of this denial is in order. In reality, a review of Judge Bogen's ruling makes it clear that his denial was of an administrative nature and that he did not consider the merits of the requested amendment. Indeed, Judge Bogen made it clear in his order that the requested amendment was a remand-related issue properly reserved for this court. It is thus apparent that this court is the first one to consider the merits of this issue.

their complaint to assert plainly meritless claims against Robinson.

As noted previously, plaintiffs allege that Robinson negligently placed new tires on the front of plaintiffs' vehicle, rather than on the rear, contrary to applicable standards of care. It is well established that "Mississippi follows the general rule that individual liability of an officer or agent of a corporation may not be predicated merely on his connection to the corporation but [instead] must have as its foundation 'individual wrongdoing,'" such as when the agent "'directly participates in or authorizes the commission of a tort.'" *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 732 (S.D. Miss. 1999) (*quoting Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993)). Thus, this court should not find Robinson to be potentially liable based merely upon the fact that he is the service manager of the BFS Retail franchise which allegedly placed the new tires on the front of the accident vehicle. If, however, plaintiffs have evidence that Robinson himself actively committed negligence in this regard, then there may well exist at least a possibility of recovery against Robinson in this context.

In the court's view, plaintiffs have presented evidence which might lead a reasonable juror to conclude that Robinson acted negligently in this case. Specifically, Kiewain Evans testified in his deposition that he personally spoke with Robinson about getting four new tires for his vehicle and that Robinson informed him that he only had enough money for two new tires. Kiewain testified that Robinson then looked at his car and decided to put the tires on the front, rather than rear, of the vehicle. Chandrette Evans supported Kiewain's testimony in this regard, testifying in her deposition that she recalled Robinson recommending to Kiewain that the tires be placed on the front of his vehicle. Plaintiffs have submitted an affidavit from their expert witness Dennis Carlson that "a tire dealer who puts more worn tires on the rear axle is following a dangerous practice that puts consumers at risk" because a "vehicle (with newer tires on the rear

axle) will handle much better in cases of loss of tire friction, such as hydroplaning, low friction surfaces and tire failure situations." Plaintiffs also note that BFS corporate policy, as outlined in a bulletin given to employees, is likewise to place the less worn tires on the rear axle. Indeed, Robinson himself admitted that he received a bulletin so stating from his employer, and this admission supports a conclusion that Robinson's alleged actions might give rise to individual liability in this case.

In response, BFS has submitted evidence indicating that, following an extensive search of its records, it can find no indication that Kiewain Evans ever purchased tires from its Cleveland franchise or that the tires in question were ever sold to Evans. BFS has similarly submitted an affidavit from Tommy Robinson denying any recollection of having sold tires to Evans. While a jury might well find defendants' evidence in this regard to be persuasive, this does not alter the fact that both Kiewain and Chandrette Evans testified under oath that they did, in fact, purchase the tires in question from BFS's Cleveland franchise and that Tommy Robinson specifically recommended that the new tires be placed on the front of the vehicle. The reliability of the evidence submitted by the various parties is clearly a fact issue for a jury. While it may well be true that plaintiffs have no evidence that Robinson personally placed the new tires on the front of the vehicle, the court concludes that plaintiffs' testimony that he specifically recommended that such be done, in contravention of corporate policy, is sufficient to establish a potential for individual liability on his part. In light of this and the other previously stated considerations, the *Hensgens* factors militate in favor of permitting the requested amendment, and plaintiffs' motion to amend will therefore be granted.

It is therefore ordered that plaintiffs' motion to amend [14-1] their complaint to add

and/or substitute Tommy Robinson as a defendant is granted.³ In light of this amendment, diversity of citizenship is plainly lacking in this case, and plaintiffs' motion to remand [15-1] this case to the Circuit Court of Bolivar County will therefore be granted.

So ordered, this the 31st day of March, 2006.

                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**

---

³The Fifth Circuit made it clear in *Doleac v. Michaelson*, 264 F.3d 470 (5th Cir. 2001) that an amended complaint adding a non-diverse defendant destroys jurisdiction, regardless of whether the defendant is added as a new defendant or is substituted for a John Doe defendant.